```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
CHRISTOPHER BRADLEY,                                          :
                                                              :
                           Petitioner,                        :        SUMMARY ORDER
                                                              :        13-CV-4828 (DLI)
              -against-                                       :
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
                           Respondent.                        :
                                                              :
------------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

On August 19, 2013, Christopher Bradley ("Petitioner"), proceeding *pro se*, filed "combined motions for summary judgment," in which Petitioner appears to challenge his prior conviction in this Court for intentionally killing an individual while engaged in a conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 848(e)(1)(A).  *See United States v. Bradley*, 03-CR-795 (July 23, 2007 Judgment, Docket Entry No. 327).  Specifically, the instant motion contends, among other things, that Petitioner is actually innocent, was wrongfully induced to plead guilty, and received ineffective assistance of counsel.  (Docket Entry No. 1.)  The Court, therefore, construes the filing as a motion pursuant to 28 U.S.C. § 2255.

Previously, on April 20, 2011, this Court denied Petitioner's motion pursuant to 28 U.S.C. § 2255 challenging the same conviction and underlying sentence, finding that it was untimely and procedurally barred.  *Bradley v. United States*, 10-CV-1084 (DLI) (Apr. 20, 2011).[1]  By Mandate issued December 6, 2011, Petitioner's appeal was dismissed by the United States Court of Appeals for the Second Circuit.  Given that the present petition challenges the same conviction

---

[1] Additionally, by memorandum and order dated May 28, 2013, this Court denied Petitioner's motion to appoint counsel and motion for clarification of sentence.  *United States v. Bradley*, 2013 WL 2316611 (E.D.N.Y. May 28, 2013).

and sentence, it is a successive habeas petition within the meaning of § 2255, which provides:

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Since this Court lacks jurisdiction to review a second or successive habeas petition unless Petitioner has first received permission from the Court of Appeals, the Clerk of Court is directed to transfer the motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) ("Where the court determines that an application raises only claims which are properly brought under § 2255, that the applicant has filed a prior § 2255 motion which was dealt with on the merits, and that no authorization from the court of appeals has been obtained as mandated by § 2244(b)(3), the district court must transfer the motion to this Court . . . ." (internal quotations and citations omitted)); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice . . . .").

This order closes this case. If the Second Circuit authorizes Petitioner to proceed in this matter, he must move to reopen under this docket number.

SO ORDERED.

Dated: Brooklyn, New York
September 6, 2013

_/s/_
DORA L. IRIZARRY
United States District Judge
